**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Case No: 00-1818 (RHK/JMM)

---

Roger J. Elm,
Plaintiff,

vs.

**STIPULATION AND ORDER REQUIRING THE PROTECTION OF CERTAIN DOCUMENTS**

Officer Jeff Boyle, individually And as an Officer in the Oakdale Police Department, Office Jack L. Kettler, individually and as an Officer Of the Oakdale Police Department, and City of Oakdale Police Department and The City of Oakdale, a Municipal Corporation,
Defendants.

---

THE PARTIES HEREBY STIPULATE TO THE FOLLOWING:

1. Defendants Jack Kettler, Jeff Boyle and the City of Oakdale will make available to plaintiff's attorney, Thomas P. Harlan for his inspection and copying the following documents under certain terms and conditions:

   City of Oakdale Personnel file for Jack Kettler and Jeff Boyle, except the following: any medical records, psychological records, workers' compensation records, social security numbers, home address and phone number, information regarding the officers' families, records protected by Minn. Stat. § 13.82, subds. 5a, 5b, 5c, 5d, 5e, Minn. Stat. Ch. 260, Minn. Stat. §§ 626.556, 626.557, and 13.43, subd. 5 (confidential sources).

2. The production of the foregoing documents shall be on the following terms and conditions:

   a. Except that personnel data which is classified as public pursuant to Minn. Stat. § 13.43, the documents to be produced in response to this

FILED APR 02 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

order shall be considered "Confidential Materials" under the terms of this order, and this order shall govern the examination and use of such documents.

b. Confidential Materials and information delivered therefrom shall be disclosed to and used by only "Qualified Persons," as defined in subparagraph d, below. The Confidential Materials shall not be disclosed to any other person unless and until otherwise agreed by the defendants or ordered by the court hearing the action. It is expressly understood that the plaintiff or plaintiff's counsel may not use Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this action.

c. If plaintiff's counsel wishes to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the deposition transcript that relates to the Confidential Materials or information derived therefrom may be designated by defendants as "Confidential," and, if so designated, the portion of the deposition transcript so designated shall be treated as Confidential Materials subject to the provisions hereof.

d. Confidential Materials (including portions of deposition transcripts that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

i. The court (subject to the provisions of subparagraphs f and g hereof);

ii. Counsel to the parties to the action and the paralegal, clerical, secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties;

iii. Court reporters employed in connection with any deposition in the action;

iv. Adjusters and appropriate representatives of the League of Minnesota Cities Insurance Trust;

v. Any other person that the parties agree to in writing; and

vi. The plaintiff herein.

e. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraphs f and g hereof.

f. If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the court.

g. Nothing contained in this order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any witness at either prior to a deposition or trial or during a deposition or a trial, provided that:

i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by this order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information derived from them to anyone who is not a Qualified Person within the meaning of this order.

3. In the event that any Confidential Materials or information derived therefrom are used in a court proceeding herein, such documents or information shall not lose their confidential status through such use.

4. Nothing herein shall be construed to effect in any way defendants' rights to object to the admissibility of any document, testimony, or other evidence at trial or any other proceeding relating to this matter.

5. If plaintiff receives a subpoena or other court process that arguably calls for the production of Confidential Materials, plaintiff shall give the defendants at least ten (10) days notice before producing any such Confidential Materials.

6. Upon termination of this litigation, counsel for plaintiff shall return all Confidential Materials and copies thereof to counsel for the City of Oakdale.

7. The designation of any document, information, or thing as confidential under this order is for purposes of this protective order only, and shall not be used for the purpose of interpretation or other legal or substantive issues raised in this litigation apart from the application of this order.

8. Nothing herein shall limit the remedy of any defendant under Minn. Stat. Ch. 13 or, otherwise, for disclosures of such materials or information where they are not authorized as provided herein. The failure to comply with the provisions of this order may subject Plaintiff to civil liability, contempt of court or other penalties authorized by law or statute.

9. This order does not in any way prevent the disclosure of public personnel data of Jack Kettler or Jeff Boyle as defined in Minn. Stat. § 13.43.

10. All persons who have seen or possessed the confidential information shall remain under continuing duty not to reveal any of said confidential information to any person or entity who is not qualified to receive it pursuant to the provisions hereof, and not to use such information except in connection with this litigation.

DATED: March 13, 2001

DONOHUE, MCKENNEY & HARLAN, LTD.

By [signature]
Thomas P. Harlan (#210870)
Attorneys for Plaintiff
990 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402
(612) 692-3950

DATED:

3/22/01

JARDINE, LOGAN & O'BRIEN, P.L.L.P.

By: ______________________
JOSEPH E. FLYNN (A.R.#165712)
Attorney for Defendants
444 Cedar Street, Suite 2100
St. Paul, Minnesota 55101-2160
(651) 290-6500

ORDER

Upon stipulation of the parties, the documents aforementioned are to be produced subject to the above protective order.

Date: 4/2/01

BY THE COURT:

Honorable John M. Mason
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.